## BANK OF COMMERCE OF WINNFIELD
### v. POWELL et al.

#### No. 5421.

Court of Appeal of Louisiana.
Second Circuit.

June 1, 1937.

A. A. Moss, of Winnfield, for appellant.

Eugene Beck, of Winnfield, for appellee.

HAMITER, Judge.

The Bank of Commerce of Winnfield, La., in liquidation, through the State Banking Commissioner and his special agent, instituted this suit against J. E. Powell, L. E. Carroway, and W. O. Carroway to recover a solidary judgment on a promissory note.

The petition recites:

"That petitioners are the holders and owners for a valuable consideration and before maturity of the one certain promissory note made, dated and signed by the defendants at Winnfield, La., on April 1st, 1930, for the sum of $418.00, payable to the order of the First National Bank, Winnfield, Louisiana, for a valuable consideration on October 1st, 1930 * * *."

It is also alleged that the note bears 8 per cent. per annum interest from maturity and attorney's fees in the amount of 10 per cent. of the principal and interest. A further allegation of the petition is that:

"The Bank of Commerce, Winnfield, Louisiana, bought all of the assets of said payee, and succeeded to all of its rights and property, and is now the holder and owner thereof * * *."

Defendants' joint answer contains the following affirmative averments:

"10. Further answering the allegations of plaintiff's petition, your defendants show that the note sued on herein was signed by them on April 1st, 1923, and that they have not renewed same since said date; that said note is prescribed, that more than five years have elapsed since it became due October 1st, 1923, which prescription of five years is hereby pleaded.

"11. Further answering the allegations of plaintiff's petition, your defendants further show that the date on said note has been fraudulently altered, changed, inserted and/or tampered with which is a material alteration to vitiate said note, and is a fraud perpetrated upon the rights of your defendants.

"12. That your defendants have not in any manner, renewed the obligation. That the note was signed April 1st, 1923, and it has been changed and altered to April

1st, 1930, all with fraudulent intent, and against the rights of your defendants."

After a trial of the merits there was judgment sustaining defendants' plea of five-year prescription and dismissing the suit. This appeal was prosecuted by the Bank of Commerce in liquidation.

The note sued on reads in part as follows:

"No. 4859
"$418.00          Winnfield, La., 4/1/19230

"On Oct. 1 after date, for value received, we, the signers, endorsers, guarantors and sureties, and each of us in solido, promise to pay to the order of '** ** **.'"

With reference to the aforementioned date, the numerals, "192," are printed on the note. The figures, "4/1/30," are written with ink; however, the naught appears to have been made with black ink, while blue fluid was used in writing the remaining portion of the date. Actually, the writing, "4/1/19230," expresses no date at all.

It is the contention of plaintiff that the note was made and dated April 1, 1930. If this is correct, then its maturity was October 1, 1930, and the prescription of five years had not run at the time of the institution of this suit on September 30, 1935. On the other hand, defendants assert that the note was dated and matured many years prior to 1930. If their assertion furnishes the true situation, the note must be considered as having prescribed on its face; and there is nothing in the record to indicate an interruption of prescription.

An employee of the Bank of Commerce and of the First National Bank during the year 1930 testified that the latter bank became the former one on April 22, 1930; that the note in question was made on April 1, 1930, was received by the First National Bank, and registered in its books, on April 21, 1930, in renewal of another note previously executed by defendants; and that on April 22, 1930, he stamped the name, "Bank of Commerce," on the face of the note and posted it as the property of the new institution. This witness further testified that it was an impossibility for the note to have been made prior to 1930, because of its serial number and those of former related notes of defendants, all of which corresponded with the numbers found in the note register. In connection with his testimony, we find in the record certified copies of two pages of the note ledger of the Bank of Commerce, and a like copy of a page from the liability ledger No. 1 of the First National Bank, Winnfield, La. However, little corroborative assistance is furnished by these copies.

Opposed to the aforediscussed testimony is that of the three defendants. They are positive that the note was signed by them some years prior to 1930. When asked, "Do you remember when you signed the note?" one of them stated, "That has passed out of my recollection, it has been so long I don't remember."

The plea of prescription, on which the trial court's judgment is founded, presents solely a question of fact. The testimony of plaintiff's witness conflicts with that given by defendants. All of the witnesses were heard and seen by the district judge in the trial of the case, and he no doubt personally knew them. In view of this, and of the appearance and condition of the note to which we have above alluded, we are unable to say that his decision is manifestly erroneous. At least, the record does not justify our reversing it.

Accordingly, and for the foregoing reasons, the judgment is affirmed.